UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Crim. No. 04-10311-JLT |
| v. | ) ) |  |
| ALVIN REEVES | ) ) |  |

## MOTION TO MODIFY BAIL CONDITIONS

Alvin Reeves ("the defendant"), by and through undersigned counsel, asks this Honorable Court to enter an order modifying his bail conditions to release him from all forms of electronic monitoring in order to allow him to work at Ultimate Moving Company, Incorporated ("Ultimate Moving") in Dorchester, Massachusetts. In lieu of electronic monitoring, the defendant proposes that the court order him to report to Pretrial Services by telephone at least twice a week as directed by probation.

This motion arises from a hearing held on April 27, 2005 where this court[1] granted the defendant's oral motion to modify his bail conditions in order to allow him to work in Dorchester.[2] Although the defendant did not raise the issue of removal of the electronic monitoring at hearing, the defendant asks for removal of the electronic monitoring system now because he believes that electronic monitoring is unnecessary and could serve as a significant impediment to his ability to maintain employment. As the court and pretrial services have indicated a willingness to permit the defendant to work outside his home, the imposition of an additional requirement of electronic monitoring appears superfluous.

---

[1] The Honorable Judith G. Dein, United States Magistrate Judge for the District of Massachusetts.
[2] **On April 27, 2005, the government assented to the defendant's oral motion and his proposed conditions. The defendant, however, has not discussed the issue of the removal of electronic monitoring with the government prior to the filing of this motion.**

Indeed, pretrial services can effectively monitor this defendant by having him telephone the probation office at least twice a week.

The defendant makes this request in part because he believes that electronic monitoring may jeopardize his ability to maintain employment. Ultimate Moving, the defendant's future employer, performs contract work for Bernie & Phyl's Furniture and requires the defendant to maintain a flexible work schedule. A flexible work schedule runs antithetical to the strictures of electronic monitoring. Second, although the defendant's work schedule affords him some flexibility, his job at Ultimate Moving is <u>not</u> unsupervised. As a condition of his employment, the defendant will report to Ultimate Moving Company's supervisor Greg Hill ("Hill") whose telephone number is (857) 829-0374. Pretrial Services has Hill's number and can contact Hill at any time to inquire about the whereabouts or status of the defendant. Third, through frequent telephone contact with the defendant, pretrial services can effectively monitor the defendant without the added burden of an electronic monitoring device.

WHEREFORE, the defendant asks the court to grant his motion and modify his bail conditions as described herein.

Dated: May 12, 2005

              Respectfully submitted,
              ALVIN REEVES
              By his attorneys,

              /s/ Brad Bailey
              _____
              Brad Bailey, BBO #549749
              Gary G. Pelletier, BBO#631732
              DENNER O'MALLEY, LLP
              Four Longfellow Place, 35th Floor
              Boston, MA 02114
              (617) 227-2800