May 20, 2005

Seth P. Berman, Esq.
Assistant United States Attorney
United States Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02110

Re:     United States v. Alvin Reeves and Alvenia Reeves,
        Criminal No. 04-10311

Dear Seth:

  This letter responds to your letter dated April 12, 2005 concerning discovery compliance obligations in accordance with Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 116. Alvin Reeves and Alvenia Reeves ("the defendants"), hereby request the following information or accommodations:

(1) Defense Counsel requests copies of the consensual tape recordings of the defendants' telephone conversations as referenced in Paragraphs A(1)(b).

(2) Please provide Defense Counsel with additional copies of the defendants' criminal records as referenced in Paragraph A(2) of your letter.

(3) With regard to the documents and tangible objects as described in Rule 16(a)(1)(C), Defense Counsel will contact you to arrange a suitable time for inspection and review.

(4) Please provide Defense Counsel with transcripts of the portions of the consensual recordings, referenced in Paragraph D of your letter, that the government intends to introduce at trial.

(5) Defense Counsel requests a copy of Postal Inspector Paul Durand's complete notes and any supporting documents regarding his interview of Alvin Reeves on October 5, 2004.

(6) With regard to the search materials as referenced in Paragraph B of your letter, please provide Defense Counsel with a copy of the actual inventory of the items seized from the search.

(7) Please identify all witnesses the government intends to introduce at trial and identify which witnesses correspond to the information contained in Paragraph G three through five of your letter. In view of your concerns relating to the safety of your witnesses, we ask that you provide the witness information only to Defense Counsel. Defense Counsel, as officers of the court, will pledge not to share this information with our respective clients until immediately prior to the actual trial date.

(8) Please identify with specificity all individuals referenced in the Indictments filed in this case. Again, Defense Counsel will not share this information with our respective clients until immediately prior to the actual trial date.
(9) Please identify the so-called "runner" in the overt act section of the Indictment and indicate what specifically was said in the conversation.
(10) Please provide Defense Counsel with any and all statements made by Anita DeJesus. In particular, please provide Defense Counsel with any interview or statement made by Anita DeJesus that occurred on or about April 27, 2004.
(11) Please provide Defense Counsel with all 3500 material.
(12) Please provide Defense Counsel with all statements of the witnesses or individuals previously referenced in the above paragraphs of this letter.

The defendants are cognizant of their reciprocal discovery obligations under Rule 16 and Local Rule 116. Consistent with these rules, however, the defendants also reserve their rights to seek further discovery in this matter.

Very truly yours,

/s/ Brad Bailey

Brad Bailey
Gary G. Pelletier
Counsel for Alvin Reeves

Sincerely,

/s/ George F. Gormley

George F. Gormley
Counsel for Alvenia Reeves

Cc:    The Honorable Judith Dein