UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                         ) | Criminal No. 04-10311-JLT |
| ) | |
| ALVIN REEVES                                   ) | |

### GOVERNMENT'S MOTION FOR AN ORDER COMPELLING DEFENDANT TO PROVIDE HANDWRITING SAMPLE

The government respectfully requests an order compelling defendant Alvin Reeves ("Reeves") to provide forthwith a handwriting exemplar as directed by the Postal Inspection Service. As grounds therefor, the government states as follows:

1.      At the scheduled August 14, 2006 trial of this matter, the government expects to offer testimony from a Postal Inspector that on September 15, 2004, acting pursuant to a search warrant, he found a number of pieces of paper in Reeves' apartment with handwritten names, addresses, telephone numbers, and the bank account information of several victims in this case.

2.      The Indictment in this case charges Reeves with possession of the this identity information, as well as obtaining false identifications using this information and directing others to enter banks and fraudulently withdraw or transfer money from the bank accounts of some of the individuals whose names appear on these pieces of paper.

3.      At the time of his arrest, Reeves claimed that the document, though found in his house, was not his.

4.      At the request of the Postal Inspector, a handwriting expert has compared the handwriting appearing on these documents with a document written by Reeves when he was incarcerated for a prior crime. Based on this examination, the expert has tentatively concluded that "the evidence contained in the handwriting points rather strongly toward the questioned and known writings having been written by the same individual." In other words, the handwriting expert has concluded that the papers found in Reeves house were "probably" written by Reeves.

5.      However, the handwriting expert cannot state that he is "virtually certain" that the handwriting on the documents found in Reeves' house were written by Reeves because the known

handwriting sample in the possession of the government does not contain a sufficient amount of Reeves' handwriting for the expert to reach such a conclusion.

6.  The handwriting expert believes that if he had a handwriting exemplar from Reeves, he is likely to be able to reach a more certain conclusion as to whether or not Reeves is the person who wrote the identity information and bank account numbers on the documents found in his house.

7.  A handwriting exemplar is not testimonial, and is not protected by the Fifth Amendment privilege against self-incrimination.  See, Gilbert v. California, 388 U.S. 263, 266-67 (1967).

8.  Court have the authority to issue an order compelling handwriting exemplar, and such an exemplar is admissible at trial against a defendant.  See, e.g., U.S. v. McDougal, 137 F.3d 547, 548 (8th Cir. 1998) ("Requiring the defendant to give a handwriting exemplar and introducing samples of the defendant's handwriting at trial do not violate the Fifth Amendment privilege against self-incrimination."); Matter of Grand Jury Proceedings, 579 F.2d 1135 (9th Cir. 1978) (compelling handwriting samples of specific phrases does not violate the Fifth Amendment privilege against self-incrimination, where the intended use of the requested exemplar is to serve only as an example of the defendant's handwriting and not as testimonial expressions of the truth of those phrases.).

Based on the above, the government respectfully requests an order from this Court compelling defendant Alvin Reeves to provide forthwith a handwriting exemplar as directed by the Postal Inspection Service.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:

                    /s/ Seth P. Berman
                    SETH P. BERMAN
                    Assistant U.S. Attorney
                    (617) 223-3385

CERTIFICATE OF SERVICE

    I certify that this document filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

                                                 /s/ Seth P. Berman
                                               SETH P. BERMAN
                                               Assistant U.S. Attorney

Dated:       June 14, 2006