UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ALVIN REEVES )<br>) | Crim. No. 04-10311-JLT |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR AN ORDER COMPELLING DEFENDANT TO PROVIDE HANDWRITING SAMPLE**

Alvin Reeves ("the defendant"), by and through undersigned counsel, hereby submits this memorandum of law in opposition to the government's motion seeking an order compelling him to provide a handwriting sample to the government's expert. The defendant contends that forcing him to submit his handwriting for examination would violate his right against self-incrimination as set forth in the Fifth Amendment to the United States Constitution. See U.S. CONST. AMEND V.

A grand jury has returned an indictment charging the defendant with identity fraud. The government bases its allegations in part upon the supposed discovery of a number of pieces of paper following a search of the defendant's apartment by United States Postal Inspector Paul K. Durand ("Durand") on September 14, 2004.[1]  The papers contain

---

[1] Durand conducted his search pursuant to a warrant. The defendant has previously filed a motion seeking to suppress the information found in his apartment because the warrant application lacked sufficient probable cause to justify the search in violation of the defendant's rights under the Fourth Amendment to the United States Constitution. See U.S. CONST AMEND IV.

names, addresses, telephone numbers, and bank statements of several individuals. The defendant denied that he wrote the information contained on the papers.

The government now reveals it has employed the services of a handwriting expert who has "tentatively concluded" that the handwriting on the documents "probably" matches the defendant's handwriting. (Government's Motion at 1). The government contends that the handwriting expert cannot make a conclusive finding without additional samples from the defendant. In asking the Court to compel the defendant to provide writing samples, the government relies upon the Supreme Court's decision in <u>Gilbert v. California</u>, 388 U.S. 263, 266-67 (1967) and upon two circuit court cases upholding district court orders compelling a handwriting exemplar. See <u>United States v. McDougal</u>, 137 F.3d 547, 548 (8th Cir. 1998); <u>Matter of Grand Jury Proceedings</u>, 579 F.2d 1135 (9th Cir. 1978). The government, however, relies upon outdated law.

The cases cited by the government predate the United States Supreme Court's decision in <u>United States v. Hubbell</u>, 530 U.S. 27 (2000). In <u>Hubbell</u>, the Court held that the act of producing documents in response to a subpoena may implicitly communicate statements of fact and, thus, would constitute a violation of the Fifth Amendment's privilege against self-incrimination. Moreover, in <u>Hubbell</u>, Justice Thomas drafted a concurring opinion where he concluded that "the Fifth Amendment privilege protects against the compelled production not just of incriminating testimony, but of <u>any</u> incriminating evidence." 530 U.S. at 49 (Thomas, J., concurring) (emphasis added).

The Supreme Court adopted Justice Thomas's expanded view of the Fifth Amendment's Self-Incrimination Clause in <u>Hiibel v. Sixth Judicial District Court of Nevada, Humboldt County</u>, 542 U.S. 177 (2004). In <u>Hiibel</u>, the Court found that, in

certain instances, the act of stating one's name and producing identity documents might constitute testimonial self-crimination. 542 U.S. at 189. The Court concluded that "to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion <u>or disclose information</u>." <u>Id.</u> (internal quotations and citations omitted).

Applying the <u>Hiibel</u> standard for testimonial evidence to the facts in this case, it is obvious that compelling the defendant to produce a handwriting sample will violate his Fifth Amendment rights. By submitting to a handwriting analysis, the defendant may disclose potentially self-incriminatory information about his participation in a crime. As clearly stated by the <u>Hiibel</u> Court, the Fifth Amendment forbids the forced disclosure of self-incriminatory communication or items. <u>Hiibel</u>, 542 U.S. at 189. The government, therefore, cannot force this defendant to provide a handwriting exemplar without derogating his rights under the Fifth Amendment to the United States Constitution. Accordingly, the Court must deny the government's motion.

Dated: June 24, 2006

                                          Respectfully submitted,
                                          ALVIN REEVES
                                          By his attorneys,

                                          /s/ `Gary G. Pelletier`
                                          _____
                                          Brad Bailey, BBO #549749
                                          Gary G. Pelletier, BBO#631732
                                          DENNER & PELLEGRINO, LLP
                                          Four Longfellow Place, 35th Floor
                                          Boston, MA 02114
                                          (617) 227-2800