

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 1, 2006

Gary Pelletier, Esq.
Denner Associates
Four Longfellow Place, 35th Floor
Boston, MA 02114

Re: <u>Alvin Reeves</u>
    Criminal No. 04-10311-JLT

Dear Mr. Pelletier:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Alvin Reeves ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to counts one through thirty of the above-captioned Indictment (all counts in which he is named). Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in those counts.

    2.    <u>Penalties</u>

Defendant faces the following minimum and maximum penalties:

For Conspiracy in violation of 18 U.S.C. § 371 (counts one and two): Five years imprisonment, three years of supervised release, a $250,000 fine, a $100 special assessment, and restitution in an amount to be determined by the Court, up to $200,000.

For each count of Bank Fraud in violation of 18 U.S.C. § 1344 (counts three through fifteen): thirty years imprisonment, a $1,000,000 fine, five years of supervised release, a $100 special assessment, and restitution in an amount to be determined by the Court, up to $200,000.

For each count of Identity Fraud in violation of 18 U.S.C. § 1028(a)(7) (counts sixteen through twenty-one): Fifteen years imprisonment, three years of supervised release, a $250,000 fine, a $100 special assessment, and restitution in an amount to be determined by the Court, up to $200,000.

For each count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A (counts twenty-two through twenty-eight): A minimum period of 2 years imprisonment to be served on and after the period of imprisonment that the defendant receives for Bank Fraud as charged in counts three through fifteen. Defendant faces a maximum term of life imprisonment for each count of Aggravated Identity Theft.

For each count of Witness Tampering in violation of 18 U.S.C. § 1512(b) (counts twenty-nine and thirty): Ten years imprisonment, three years of supervised release, a $250,000 fine, a $100 special assessment.

For each count of Committing a Crime While on Pretrial Release in violation of 18 U.S.C. § 3147 (counts twenty-nine and thirty): Ten years imprisonment, to be served on and after the sentence the defendant receives for Witness Tampering, as charged in counts twenty-nine and thirty.

3.      Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

The parties agree that:

(1) pursuant to United States Sentencing Guidelines § 2B1.1(a)(1)(B), the base offense level is 7;

(2) the Defendant's conduct involved the possession of five or means of identification, resulting in a 2 level increase to the base offense level, pursuant to U.S.S.G. § 2B1.1(b)(10)(C)(ii);

(3) the Defendant was an organizer or leader of the criminal activity that involved five or

more participants or was otherwise extensive, resulting in a four level increase pursuant to U.S.S.G. § 3B1.1(a); and

(4) the Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation or prosecution of the instant offense of conviction, and the obstructive conduct related to the Defendant's offense of conviction and any relevant conduct, resulting in a two level increase pursuant to U.S.S.G. § 3C1.1.

Additionally, the U.S. Attorney will take the position that:

(1) the loss that was foreseeable to the Defendant was between $120,000 and $200,000, resulting in an 10 level increase to the base offense level, pursuant to U.S.S.G. § 2B1.1(b)(1)(F);

Thus, the U.S. Attorney will take the position that the Defendant's total Offense Level prior to any reduction for acceptance of responsibility is 25.

The Defendant agrees that the amount that the runners withdrew and attempted to withdraw from victim bank accounts was between $120,000 and $200,000. But he reserves the right to argue that not all of the loss and attempted loss resulting from the conspiracy ought to be attributed to him for guideline sentencing purposes. Defendant also reserves the right to argue that the Court ought to deviate below the otherwise applicable guideline range based on the factors described in 18 U.S.C. § 3553(a). Defendant reserves the right to argue that one basis for such a deviation is his assertion that he played a minor role in the witness tampering.

The parties agree that the applicable guideline sentencing range is 24 months higher than the otherwise applicable guideline sentencing range because of the application of the statutorily mandated, 24-month consecutive sentence that results from Defendant's plea of guilty to Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.

In the event Defendant contends that there is a basis for departure or deviation from the otherwise applicable U.S. Sentencing Guideline range, he will provide notice to the U.S. Attorney 14 days prior to sentencing of the specific grounds for these arguments.

The U.S. Attorney will oppose Defendant's departure and deviation arguments.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime; and/or

    (I)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) A period of incarceration at the low end of the guideline sentencing range, as calculated by the government and set forth above;

(b) A fine within the applicable guideline range unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) Restitution in an amount to be determined by the Court, up to $200,000;

(d) The mandatory special assessment of $100 per count;

(f) A five year period of supervised release.

Defendant agrees that he will provide to the U.S. Attorney expert reports motions, memoranda of law and documentation on which he intends to rely at sentencing not later than seven days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least seven days before sentencing shall be deemed waived.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph

one of this Agreement.

10.  Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13.  Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Seth P. Berman.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
DIANE C. FRENIERE, Chief
White Collar Crime Section

_____
SETH P. BERMAN
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
ALVIN REEVES
Defendant

Date: 8/14/06

I certify that Defendant ALVIN REEVES has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
GARY PELLETIER, Esq.
Attorney for Defendant ALVIN REEVES

Date: August 14, 2006