UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ALVIN REEVES )<br>) | Crim. No. 04-10311-01-JLT |

## MOTION TO AMEND JUDGMENT

Alvin Reeves ("the defendant"), by and through undersigned counsel, hereby moves this Honorable Court to enter an order amending his judgment to indicate that his supervised release revocation sentence runs concurrent with his 60 month sentence imposed by this Court. On February 12, 2007, this Court sentenced the defendant to serve a term of imprisonment of 60 months following his guilty plea to multiple counts of identity theft and bank fraud. Prior to the sentencing hearing, on September 19, 2006, the Court (O'Toole, J.) had sentenced the defendant to serve a total of 21 months based upon a stipulated violation of the defendant's supervised release. See United States v. Alvin Reeves, Crim. No. 01-10445-GAO.

During the sentencing hearing on February 12, 2007, the government asked the Court to run the 60 month sentence concurrent with the 21 months previously imposed by Judge O'Toole. The Court denied the government's request. See Sentencing Hearing Transcript at 40-41 ("**Mr. Berman:** And the final thing that I think needs to be addressed today, Your Honor, is that pursuant to the guidelines and the statutes it is recommended

that this sentence be consecutive to the sentence that the defendant received for his violation of supervised release. That's the position under -

**The Court**: I'm not going to do that").

The sentencing transcript clearly indicates that the Court denied the government's motion to impose consecutive sentences. Despite the clarity of the transcripts, however, the Designation and Sentence Computation Center of the United States Bureau of Prisons ("BOP") in Grand Prairie, Texas has concluded that the transcript does not sufficiently indicate the Court's intention to run the two sentences concurrent with each other. Absent what BOP deems a clear intention for concurrent sentences, the BOP runs the sentences consecutive to one another.

The BOP policy forces the defendant to serve a lengthier sentence of incarceration in derogation of the express orders of the Court. Moreover, the erroneous sentence threatens to jeopardize the defendant's eligibility for the 500 Hour Drug Treatment Program, which the Court recommended in the judgment order. In order to convince the BOP of the Court' intention and avoid harm to the defendant, the defendant respectfully asks this Court to amend the judgment order to indicate that the 60 month sentence imposed on February 12, 2007 runs concurrent with the 21 month supervised release revocation sentence previously imposed by the Court on September 19, 2006.

WHEREFORE, the defendant respectfully asks the Court to allow his motion and amend the judgment order to reflect the imposition of a concurrent sentence as stated during the sentencing hearing and reflected in the enclosed transcript.

2

Dated: September 18, 2007

                                            Respectfully submitted,
                                            ALVIN REEVES
                                            By his attorneys,

                                            /s/ Gary G. Pelletier
                                            _____
                                            Gary G. Pelletier, BBO#631732
                                            Tracy L. Bulger, BBO#642364
                                            DENNER & PELLEGRINO, LLP
                                            Four Longfellow Place, 35th Floor
                                            Boston, MA 02114
                                            (617) 227-2800