UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSESTTS

UNITED STATES OF AMERICA,          *

           Plaintiff,            *

    -vs-                               *   Crim. No. 1:04 CR-10311-01-JLT

ALVIN REEVES,                      *

           Defendant.            *

MOTION TO CLARIFY JUDGMENT
PURSANT TO RULE 36,FED.R.CRIM.PROC.

    COMES NOW, Defendant, Alvin Reeves, and hereby respectfully moves this Honorable Court to consider this motion brought under Rule 36, Federal Rules of Criminal Procedure for clarification of his sentence in the above captioned cause. As an initial matter, it should be noted that this Court has the jurisdiction to entertain this motion based on the vehicle used herein. See Hagins v. United States, 267 F.3d 1202(11th Cir. 2001)(judge properly corrected judgment and commitment order to reflect evidence showing date on which conspiracy ended, as pointed out in presentence report; change was clerical one.); United States v. Seavey, 445 F.Supp. 2d 80(DC. Me. 2006)(government's motion to amend defendant's judgment to reflect that charging instrument was information rather than indictment was granted because there was authority under Fed.R.Crim.P. 36 to correct clerical error concerning nature of charging document.); Cherry v. United States, 489 F. Supp. 2d 372(SD.NY. 2007)(defendant was properly granted his application under Fed.R.Crim.P. 36 to change "September 30, 1994" to "March 30, 1993" as "date offense concluded" in judgment because there was no time limitation for such motion and defendant sought merely correction of

-1-

clerical error, which did not change internal structure of his sentece.)

In the case sub judice, defendant requests that this Court clarify its sentencing intent when it decided to impose a concurrent sentence of 60 months to the sentence of 21 months defendant was serving on case number Cr. 01-10445-GAO(Violation of probation).

As this Court is aware, defendant was jailed on September 19, 2006 on this matter, but on that same date, he was sentenced to 21 months for violation of his probation. It is well settled that the date a defendant is taken into custody for a charge is the day the calculation of his sentence would commence. See Title 18 U.S.C.,§3585(a). That Section states that "a sentence to a term of imprisonment commences on the date the defendant is received in custody waiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

In this case, defendant was in custody on this matter as of September 19, 2006 awaiting sentence and "transportation to--the official detention facility at which the sentence is to be served." As such, since this Court imposed a sentence concurrent with defendant's sentence of probation violation, which also started on September 19, 2006, Defendant's sentence calculation should have started from that date. Now, however, there has arisen a problem where the Bureau of Prisons is calculating defendant's sentence from the date of defendant's sentence on the within matter which was February 12, 2007. This calculation would duck defendant a total of four months and 23 days which this Court did not envision when it refused to impose a consecutive sentence in this case.

Because there is no remedy available for defendant to address this matter order than to come back to this Court, it is only fitting that this Court should amend its initial sentence to reflect a time credit of 4 months and 23 days in order that his original sentencing intent would be adhered to. See <u>United States v. Anthony Silva</u>, Case No. 97-1031L(District of Rhode Island, April 27, 2006), as attached.

In <u>Silva</u>, the district court was faced with an identical scenario where that defendant was ducked time from the time he was already in custody awaiting sentence and transportation. When the Bureau of Prisons refused to correct the error, that defendant proceeded under Rule 36, Federal Rules of Criminal Prodecure, and had the sentencing judge amend his sentence to reflect that time that he should have gotten based on the court's concurrent sentence.

Here too, this Court should manipulate defendant's sentence to reflect the 4 months and 23 days the Bureau of Prisons is ducking him. A clarifying sentence of 55 months and 7 days would solve this problem without this Court disturbing the structure of its original sentencing intent.

Defendant further brings to this Court's attention that if it is all possible, this corretcion be done before the months of October of 2008 so that defendant can qualify for the next Residential Drug Abuse Program classes here in prison which starts in November of 2008.

Wherefore, defendant respectfully prays.

Respectfully Submitted:

*Alvin Reeves*
Alvin Reeves, Pro Se
Defendant

## Certificate of Service

I Certify that a true and correct copy of the within Motion has been sent to the following:

Seth Berman

Respectfully Submitted:

Alvin Reeves, Pro Se
Defendant

Dated: 20th day of August, 2008.