UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.   ) | CR No. 97-103L |
| ) | |
| ANTHONY SILVA   ) | |

MEMORANDUM AND ORDER

Defendant has filed a motion, pro se, to correct an error or omission in the sentence imposed by this Court pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

On June 2, 1998, this Court imposed a sentence of 151 months of incarceration on the defendant on Counts I and II of the Indictment (two drug charges) to be served concurrently. The Court also ordered that the sentence be effective as of December 12, 1997. That date was chosen because the Court wished to give the defendant credit for the time that he was being held by state authorities as a violator of a previously state-imposed sentence of probation. That was also the date that a Magistrate Judge of this Court ordered that defendant be held without bail.

At the sentencing hearing, the defendant's attorney requested that he receive credit for the time that he was in state custody. The attorney for the government had no objection to doing that. At the sentencing hearing, Ms. Browne for the prosecution, stated: "The Government has no objection to having him be considered to have been in federal custody from the date

mentioned by counsel, the 12th of December '97. We think that's appropriate." (Transcript P.16).

Thereafter, the Court stated: "Just to make it clear, it will be right in the Judgment of Conviction that this sentence that I impose today starts to run December 12, 1997."

The Bureau of Prisons has indicated clearly, with statutory justification, that it cannot consider a federal sentence of incarceration as commencing prior to the date of its imposition or prior to the date when a defendant came into federal custody, which in this case was June 3, 1998.

The Court was in error in designating the sentence to commence on December 12, 1997. What the Court should have done to give defendant credit for that time served was to reduce the sentence by 6 months. The Court has the power to do that under the Sentencing Guidelines.

Rule 36 provides that the Court has the authority to correct a clerical error in a judgment. This is, in a very real sense, a clerical error. The most appropriate way to resolve this dilemma and to give effect to the agreement of the parties and the intent of the Court, is to issue an Amended Judgment of Conviction providing that the sentence is 145 months in length.

Therefore, the Court orders that an Amended Judgment of Conviction be issued providing that the defendant is committed to the custody of the United States Bureau of Prisons to be

2

imprisoned for a total term of 145 months as to Count I, and the same sentence as to Count II, be served concurrently with Count I. All other terms of the original judgment will remain the same.

It is so ordered.

*Ronald R. Lagueux*
Ronald R. Lagueux
Senior Judge
April, 17 2006